MARY F. FRANCIS *v.* FOUNTAIN RICE, ET AL.

**Husband and Wife—Second Husband—Wife's Dower in First Husband's Land—Sale of Dower—Conversion of Money by Second Husband.**
   Appellant had before her second marriage sold her dower interest in the lands of her first husband, and converted it into money, and her husband possessed himself of the money by her consent after his marriage, and it, therefore, became his and his legal right to it when reduced to possession, was perfect.

**Same—Statute of Frauds—Resulting Trust—Parole Evidence.**
   After the second husband possessed himself of his wife's money he purchased other land with it and took the deed to himself, and it recited that he paid the consideration, showing that he had appropriated the money and made the purchase to his own account. Held, that after the contract was thus completed and acquiesced in for more than twenty years, parole proof of admission by the husband that he had purchased the land for his wife, and to set up a resulting trust is inadmissible. Such evidence is inconsistent with the deed, and if permitted to prevail would be to violate the statute of frauds.

APPEAL FROM MADISON CIRCUIT COURT.

January 24, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant claims the land conveyed by Octavious Goodloe to her late husband, insisting that it was paid for with her money, and the deed having been made to her husband, Thomas K. Francis, a trust resulted to her for said land.

The first question to be considered is, did Mrs. Francis pay for the land? To answer that question, it becomes necessary to examine the evidence. At the time of her marriage with T. K. Francis, she was the widow of T. Kennedy, deceased, and as such entitled to dower in certain lands in Garrard county, owned by said Kennedy. Rice Wood proves that while she was a widow he purchased her dower right in the lands in Garrard county owned by her deceased husband by a written contract, for which he agreed to give her $6,000. After her marriage with Francis

he deposited the greater part of the money in his own name in the Richmond Branch of the Northern Bank. Very soon after the money was deposited, appellant having married Francis, came with him to the bank, bringing Shackelford, the clerk of the Madison county court, with them, and executed and acknowledged a deed to him for her dower interested in said land. And he gave to her husband, said Thomas K. Francis, a check for $5,850 of the money, he had deposited in said branch bank, retaining $150 on account of some difficulty about four acres of the land. That difficulty was settled by permitting him to retain $38 or $40 out of the purchase price, and the residue of the $150 kept back at first, he paid over to T. K. Francis.

Silas T. Green proves that in 1846 he was clerk of the Richmond branch of the Northern Bank, that a few days before the 8th of January 1846, Rice Wood deposited in said branch bank $5,850, which sum Thomas K. Francis drew on the last named day on the check of Wood, and had the same placed to his own credit. On the 20th of January 1846 said Francis gave a check payable to Oct. Goodloe for $5,950. The facts stated, he says are shown by the books of the bank. Francis had other money than that paid by Wood, at the time deposited in the bank, and paid Goodloe more than he received from Wood, and on the 12th of January, 1846 he paid to John B. Francis $6,000 by a check on said bank.

Appellant had before her second marriage sold her dower interest in the lands of her first husband, and converted it into money, and Francis her second husband possessed himself of the money by her consent, after his marriage, and it thereby became his, and his legal right to it when reduced to possession was perfect, and after that was done, it could not have been interfered with, even by a court of equity to force a settlement on the wife if she had sought it.

The foundation of appellant's claim is that she paid the money for the land, or that it was her money when it was converted into land; if she fails to show that, her claim must fail. Her husband could certainly have waived his right to the money received from Wood, and permitted her to have retained and used it, or to have invested it to her own use; but there is no sufficient evidence of such waiver, or surrender of his right. He purchased the land from Goodloe, and conceding that the money paid for it, was the same received from Wood, still he took the

deed to himself, and it recites that he paid the consideration showing that he had appropriated the money, and made the purchase on his own account and for himself. After the contract was thus completed, and acquiesced in for more than twenty years parol proof of admission by the husband that he purchased the land for his wife, and to set up a resulting trust is inadmissible. Such evidence is inconsistent with the deed, and if permitted to prevail, would be to violate the statute of frauds and perjuries, and greatly to endanger title to real estate, although resting upon deeds executed, and authenticated in the manner prescribed by law. We therefore approve the judgment of the court blow in refusing appellant the land conveyed to intestate by O. Goodloe, and adjudging her dower in the whole of the land described in the pleadings.

As the posthumous child took an interest in the land by descent from the father, and died in *infancy,* his mother, and half sister on the mother's side took no part of his share of the land, but on his death it passed to his brothers and sisters of the whole blood. *Sec. 9, Chap. 30, 1 Vol., R. S. pp. 421-2.*

Wherefore the judgment is *affirmed.*

*Turner & W. B. Smith, for appellant.*

*Burnam, for appellee.*